# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KEITH TAYLOR** | § | |
| | § | |
| **V.** | § | **A-17-CV-428-LY** |
| | § | |
| **LORIE DAVIS[1]** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the full filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

### A.      Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas.  Petitioner pleaded guilty to and was convicted of aggravated robbery and solicitation to commit capital murder.  On April 27, 2012, he

---

[1]  Although Petitioner named Warden Sperry as Respondent, Lorie Davis, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

was sentenced to 45 years' imprisonment for each crime to be served concurrently. Petitioner did

not appeal his convictions. He did, however, challenge his convictions in four state applications for

habeas corpus relief. Petitioner executed his first two state applications on December 18, 2014. The

Texas Court of Criminal Appeals denied them without written order on the findings of the trial court

without a hearing on June 22, 2016. Ex parte Taylor, Appl. No. 74,497-05 and -06. Petitioner filed

his third and fourth applications on December 29, 2016. The Texas Court of Criminal Appeals

dismissed them as successive on March 8, 2017. Ex parte Taylor, Appl. No. 74,497-07 and -08.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    He received ineffective assistance of counsel;

2.    The state presented false and perjured testimony to the trial court;

3.    The trial court used false and perjured testimony in their findings of facts, which was used to deny his state writ;

4.    The trial court violated his due process rights by not sua sponte having him evaluated prior to his plea and ordering a competency hearing; and

5.    The trial court violated his due process rights by denying his motion to suppress his identification.

## II.   DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal

habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.     Application

Petitioner's convictions became final, at the latest, on May 27, 2012, at the conclusion of time during which he could have appealed his convictions. See TEX. R. APP. P. 26.2(a). Therefore, Petitioner had until May 27, 2013, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until May 1, 2017, long after the limitations period had expired. Petitioner appears to contend he is entitled to equitable tolling due his mental illness. Petitioner explains he suffers from schizophrenia and his illness was not controlled with medication at the time he arrived at the TDCJ on May 25, 2012. According to Petitioner, he was housed at the Jester IV psychiatric hospital from May 2013 until May 2014. He was subsequently bench warranted to Hays County where he allegedly received the assistance from an inmate to prepare his state writ application.

The AEDPA's statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling

only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Even if the Court agreed with Taylor, and tolled the limitations period from the time Taylor's conviction became final on May 27, 2012, until he was transferred to Hays County in May 2014, his federal application is still time-barred. From May 31, 2014 until December 18, 2014, the day Petitioner executed his first two state applications, 201 days ran on the one-year limitations period. When the Texas Court of Criminal Appeals denied the first two state applications on June 22, 2016, Petitioner only had 164 days remaining. For his federal application to be timely, it needed to be filed by December 3, 2016. As mentioned above, Petitioner did not execute his federal application until May 1, 2017, after the limitations period expired. Petitioner's third and fourth state applications did not operate to toll the limitations period, because they were filed December 29, 2016, approximately 26 days after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Finally, after the Texas Court of Criminal Appeals dismissed Petitioner's third and fourth state applications as successive on March 8, 2017, Petitioner waited nearly two months to file his federal application.

Petitioner has alleged no facts showing any equitable basis exists for further excusing his failure to timely file his federal habeas corpus application after he was transferred to Hays County. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);  <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

SIGNED this 18th day of May, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE